# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.

DAWN BENNETT

Case No. PX-17-0472 50

\*\*\*\*\*\*

## ORDER OF DETENTION (18 U.S.C. § 3142)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a hearing has been held. I have concluded that the following facts require the detention of the defendant pending trial in this case.

### PART I: FINDINGS OF FACT

☒ (1) This is a case in which the government may properly seek detention and has now moved for detention.

☒ (2) The defendant is charged with 18 U.S.C. §1344 (Bank Fraud) and 18 U.S.C. §1014 (False Statements on Loan Application).

☒ (3) The maximum term of imprisonment is 30 years BOP for Bank Fraud count and for False Statement on Loan Application count.

☒ (4) Based on the government's proffer there is probable cause to believe that the defendant violated the conditions of release set by the Court on August 28, 2017. (ECF No. 7).

  ☒ The government is entitled to a presumption under § 3148 [describe in Part II].

  ☒ The defendant has failed to rebut this presumption as to risk on non-appearance and obstruction of justice.

☒ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear and may obstruct justice.

☐ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☒ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant at future court appearances and/or that the defendant will not obstruct justice.

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

This defendant has been on release conditions since August 28, 2017. Pretrial filed a Notice of Apparent Violation relating to the defendant's non-compliance. The government sought detention for another alleged violation relating to contact with individuals prohibited by the COR. A hearing was held today. The Court heard argument from the parties. The Court made findings on the record and at this time finds by clear and convincing evidence that the defendant has violated her release conditions by not following Pretrial's instructions and by contacts with prohibited individuals. The Court finds there are no conditions and/or a combination of conditions that will reasonably assure that the defendant will appear in court and/or that she will abide by her current conditions of release. See 18 U.S.C. §3148.

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

September 21, 2017
Date

Timothy J. Sullivan
United States Magistrate Judge