**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. PX-17-0472 |
| DAWN J. BENNETT | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF THE IRS AUDIT**

Defendant Dawn J. Bennett, by and through undersigned counsel, hereby moves this Honorable Court, pursuant to Federal Rules of Evidence 401, 402, and 403 to exclude from admission at trial any evidence, testimony, and references to the IRS's audit of Ms. Bennett's personal income taxes.

**BACKGROUND**

Ms. Bennett is charged in a 17-count superseding indictment with one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 (Count 1); four counts of securities fraud in violation of 15 U.S.C. §§78j(b) and 78ff(a) (Counts Two through Five); one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count Six); nine counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts Seven through Fifteen); one count of bank fraud in violation of 18 U.S.C. § 1344 (Count Sixteen); and one count of false statements on a loan application in violation of 18 U.S.C. §1014 (Count Seventeen).  Ms. Bennett's trial is scheduled to begin on October 2, 2018.

The Government may attempt to introduce evidence indicating that the IRS audited Ms. Bennett's personal income taxes.  Documents produced in discovery indicate that the IRS audited

Ms. Bennett's personal income taxes in 2015, resulting in adjustments to her tax returns in 2009, 2010, 2011, 2012, and 2013.

As discussed herein, evidence related to the IRS audit is not relevant to Ms. Bennett's trial, where she is not facing charges of criminal tax fraud.  Moreover, such evidence would confuse the jury, waste time, and unfairly prejudice Ms. Bennett.  Accordingly, the evidence should be excluded.

## LEGAL STANDARD

The relevancy of evidence is governed principally by Federal Rules of Evidence 401, 402, and 403.  Rule 401 establishes that evidence is relevant only if: (a) "it has the tendency to make a fact more or less probable than it would be without evidence"; and (b) "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Rule 402 establishes that "[i]rrelevant evidence is not admissible."  Fed. R. Evid. 402.  And Rule 403 holds that evidence that is deemed relevant should nonetheless be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

## ARGUMENT

**I.    The IRS Audit is Inadmissible Because the Evidence is Not Relevant to the Charges Against Ms. Bennett.**

Evidence pertaining to the IRS audit is not relevant to the charges or allegations pending against Ms. Bennett.  Ms. Bennett's charges do not include criminal tax fraud.  Instead, the superseding indictment generally charges Ms. Bennett, as chief executive officer of DJB Holdings LLC (d/b/a/ djbennett.com), with defrauding investors in her Internet retail company as well as a financial institution.

There is no evidence or allegation that Ms. Bennett's tax returns were related to an alleged

scheme to defraud DJB Holdings investors or a bank. Indeed, the superseding indictment does not once reference Ms. Bennett's taxes, and it provides no connection between Ms. Bennett's tax returns and any alleged criminal conduct. Furthermore, there is no evidence that Ms. Bennett was ever the subject of a civil or criminal action related to her personal income taxes. In fact, documents produced in discovery demonstrate that Ms. Bennett was not even subject to any accuracy-related penalty as a result of the IRS audit. In addition, the IRS audit resulted in adjustments to Ms. Bennett's taxes from 2009 through 2013, whereas the superseding indictment charges illegal activity occurring later, on or after November 2014. Because Ms. Bennett is not charged with tax fraud and the IRS adjustments predate any alleged illegal activity, the IRS audit has no relevancy at trial.

The IRS audit will not make any fact at issue in the case against Ms. Bennett any "more or less probable." Fed. R. Evid. 401. The IRS audit of Ms. Bennett's personal income tax returns between 2009 and 2013 has no probative value for whether Ms. Bennett defrauded investors in her Internet retail company or a financial institution on or after November 2014. Therefore, the IRS audit is not relevant and should be excluded from trial. *See* Fed. R. Evid. 402 (irrelevant evidence is not admissible).

II.     **Evidence of the IRS Audit is Inadmissible Because the Dangers of Prejudice, Confusion of the Jury, and Waste of Time Substantially Outweigh Any Probative Value.**

Even if the IRS audit has some minimal probative value, it should be excluded because its probative value is substantially outweighed by the dangers Rule 403 was designed to prevent. Specifically, the evidence would waste time, confuse the jury, and unfairly prejudice Ms. Bennett. *See* Fed. R. Evid. 403. To accurately introduce evidence of the IRS audit, the Government would need to call additional witnesses who would take a considerable amount of time in an already

lengthy trial to interpret the audit and establish any marginal relevance. If evidence of the IRS audit were admitted, the Defense would seek to establish that the audit did not result in any criminal charges or civil penalties and was not related to the charges Ms. Bennett is currently facing. This, in turn, would lead to a mini-trial on the IRS audit, which would waste time, confuse the jury, and cause needless delay. In addition, admitting evidence of the IRS audit would present the high risk that the jurors would consider the evidence inappropriately, causing unfair prejudice to Ms. Bennett. The Court should therefore exclude such testimony. *See United States v. Kiza*, 855 F.3d 596, 604 (4th Cir. 2017) (affirming district court's exclusion of evidence that "had the potential to confuse the jury and waste time").

## **CONCLUSION**

For the reasons explained herein, Ms. Bennett respectfully requests that the Court exclude evidence of the IRS audit from admission at trial.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
for the District of Maryland

/S/
_____
Elizabeth G. Oyer #95458
Deborah L. Boardman #28655
Kirstin Maguire Hopkins #19629
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email:  liz_oyer@fd.org
         deborah_boardman@fd.org
         kirstin_hopkins@fd.org