IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-17-472 |
| | * | |
| DAWN J. BENNETT, | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

## GOVERNMENT'S OPPOSITION TO MOTION TO CONTINUE

The defendant, through her counsel, moves to continue the trial for a period of not more than 60 days. ECF No. 321. The Government opposes for the following reasons.

First, this case involves a number of investor victims, many of whom entrusted nearly all of their retirement funds to the defendant. These victims are located in various parts of the country, and a number of them are senior citizens. With trial just a month away, the government has been in touch with many of these victims, both to update them on the status of the case, and to arrange witness preparation meetings and travel for their trial testimony. These investor victims, many of whom have health concerns and have lost a good part of their savings, are anxious to put this case behind them. A continuance at this late stage would simply prolong the mental and physical anguish that they have already experienced. For that reason, first and foremost, the Government objects to a continuance. In addition, the Government notes that one of its key law enforcement witnesses will be unavailable between March and June of 2019.

The defendant has not put forward any specific reasons that justify a continuance at this point. Earlier this month, the defendant, through the Federal Defenders, requested that trial be continued for a period of six months. ECF No. 299. In its response to that request, the Government expressed concern that it may have been the defendant herself who caused the circumstances

behind that request, as the defendant's jail calls revealed that she had been attempting to retain new counsel since FPD re-entered the case in May 2018. ECF No. 303. New counsel, now the <u>tenth</u> counsel to enter an appearance on behalf of defendant since the defendant was first charged on August 28, 2017, has now entered his appearance. ECF No. 319. At the August 10, 2018 hearing on FPD's request for a continuance, the Court unambiguously instructed the defendant that this trial would be proceeding on October 2, 2018. The Court further instructed the defendant that at that time, the defendant would have the choice to proceed with the Federal Defenders, represent herself, or retain counsel. The Court explicitly warned the defendant that retained counsel would need to be prepared to proceed with trial in October.

New defense counsel posits that the work "remaining to be done" justifies the continuance. All of the "remaining work" is work that could have been done, and likely was done, by prior counsel. For instance, the defendant claims that she has identified potentially exculpatory witnesses who have not yet been interviewed or located. These witnesses cannot be new to the defendant. For several months, she had the entire law firm of Dickinson Wright at her disposal to locate and interview these potential individuals. The government is aware that during this time period, counsel from Dickinson Wright had both located and interviewed a number of investor victims in this case. The government further notes that between October 2017 and February 2018 and then June 2018 and the present, the defendant had three very capable Federal Defenders working on her behalf, including the First Assistant Federal Defender in this District. With their considerable white collar defense experience, it is implausible that they would not have taken this basic step that new defense counsel now suggests has not been done.

New defense counsel further claims that a valuation expert who could offer testimony about the value of the defendant's business, DJBennett.com, would be "dispositive of the charges." It is

unclear, at this point, if this type of expert testimony would be admissible, or how the company's value bears on the lies that the defendant told investors about her company's past and present revenue. Finally, the Defendant argues that counsel has not had a chance to review discovery. Given the schedule order that is in place, and the Court's prior admonitions to the defendant about scheduling in this case, defense counsel could utilize the resources of his 170-attorney law firm to adequately prepare for trial in a four-week time period.

The denial of a continuance only encroaches on a defendant's Sixth Amendment right to counsel where there has been "an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. Hedgepeth*, 418 F.3d 411, 423 (4th Cir. 2005). There is no justifiable request for a delay here. Moreover, there are countervailing concerns that require that this trial go forward at its presently-scheduled date of October 2, 2018.

                    Respectfully submitted,

                    Robert K. Hur
                    United States Attorney

By:    /s/Erin B. Pulice
        Erin B. Pulice
        Assistant United States Attorney