**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX -17-472** |
| | * | |
| **DAWN J. BENNETT,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

## GOVERNMENT'S OPPOSITION TO DEFENSE MOTION FOR PROTECTIVE ORDER

The defendant filed what was styled as a Motion for Protective Order, seeking relief from the Government issuing lawful subpoenas to prior counsel and calling prior counsel as witnesses at trial.[1]

The defendant's motion conflates two issues, which this filing hopefully will disentangle. First, the Government has issued trial subpoenas to several firms that did legal work for the defendant and her business entities. The defendant claims that she is unsure what the Government has sought from prior counsel. Such a statement is flatly inconsistent with the record of this case. As the Court knows, the defendant's unlawful use of victim funds to pay for prior counsel was well documented in the affidavit in support of the criminal complaint that initiated this criminal action. Thereafter, counsel for the Government and prior criminal counsel for the defense extensively discussed grand jury subpoenas for prior counsel at the various detention hearings along the way. And the Government of course already produced in discovery (and as marked trial exhibits) to the defendant the materials obtained from those subpoenas, including various retainer agreements, redacted billing records, and other documents. None of these materials are covered

---

[1] The defendant also seeks to bar the Government from using privileged information at trial. Since such a bar already is enacted by general principles of law, no additional court order is required.

by the attorney-client privilege or work product doctrine. *See, e.g.*, *In re Grand Jury Subpoena*, 204 F.3d 516 (4th Cir. 2000); *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999).

Second, the defendant appends to her filing emails between the Government and prior criminal counsel at Dickinson Wright. These emails have nothing to do with what other prior counsel will testify about at trial. Rather, these emails are an appropriate effort by the Government to prevent the unlawful dissipation of tainted assets. For some reason, the defendant did not include the subsequent correspondence in which Dickinson Wright agreed not to transfer or convey any assets absent approval either of the Government or the Court. Dickinson Wright has not been issued a subpoena to testify at trial.

The defendant buries in her motion a request that the Government not be allowed to call her prior counsel as trial witnesses. That is the real nub of the defendant's motion. The Government fully intends to call many such prior counsel as witnesses at trial, and all such witnesses have been, or will be, served lawful trial subpoenas. The expected testimony will cover non-privileged information, including the identity of the client, the general subject matter of the representation, the amount of the fees, and the identity of the party who paid the fees. Routinely, the defendant paid prior counsel with fraud money, after lying to investors and lenders about how she would use their funds. The payments to prior counsel are central to the fraud allegations. Accordingly, the defendant's motion should be denied.

        Respectfully submitted,

        Robert K. Hur
        United States Attorney

        /s/
        Thomas P. Windom
        Assistant United States Attorney