UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>)<br>) Criminal No. 17-CR-00472-PX-1<br>)<br>)<br>)<br>)<br>)<br>) |
| v. | |
| DAWN J. BENNETT, ET AL., | |
| Defendants. | |

## OPPOSITION TO GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Defendant Dawn Bennett ("Ms. Bennett") respectfully submits this Opposition to the Government's Motion for Preliminary Order of Forfeiture and in support thereof avers as follows:

### BACKGROUND

1. Ms. Bennett was the owner of DJB Holdings, LLC (hereinafter "DJBennett", an internet based company focused upon the sale of exclusive sports equipment and apparel intended for very discriminating customers. Ms. Bennett founded DJBennett in approximately 2010.

2. The company itself employed individuals and entered into contracts with independent contractors to perform retail internet marketing.

3. On information and belief, Ms. Bennett was the largest investor in DJBennett.

4. In addition to supplying her own funds, Ms. Bennett used a series of promissory notes and loans from financial institutions to finance DJBennett.

5. On November 29, 2017, a grand jury for the District of Maryland returned a multi-count Indictment alleging Conspiracy to Commit Securities Fraud in violation of 18 U.S.C.

§ 371, Securities Fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, Wire Fraud Conspiracy in violation of 18 U.S.C. § 1349, Wire Fraud in violation of § 1343, Bank Fraud in violation of 18 U.S.C. § 1344, False Statements on Loan Application in violation of 18 U.S.C. § 1014, Aiding and Abetting in violation of 18 U.S.C. § 2, and Forfeiture in violation of 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461.

6. On August 25, 2017, Ms. Bennett was arrested in Santa Fe, New Mexico, and made her initial appearance before the Honorable Thomas M. DiGirolamo on August 29, 2017.

7. A jury trial was held in this matter from October 2, 2018 through and inclusive of October 17, 2018. The jury rendered its decision on October 17, 2018.

## ARGUMENT

**I. Government did not Present Adequate Evidence of Loss, and, in any event, Failed to Submit the Forfeiture Issue to the Jury.**

8. Pursuant to 18 U.S.C. 2253(e), the court "shall order forfeiture of property…if the trier of fact determines, beyond a reasonable doubt, that such property is subject to forfeiture."

9. As the Government correctly noted, criminal forfeitures are governed by Rule 32.2 of the Federal Rules of Criminal Procedure. Specifically, as it pertains to this case, Rule 32.2. reads as follows:

> 5) Jury Determination.
>
> (A) Retaining the Jury. In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.
>
> (B) Special Verdict Form. If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established

2

> the requisite nexus between the property and the offense committed by the defendant.

Federal Rules of Criminal Procedure, Rule 32.2.

10. The Forfeiture Allegation in the Superseding Indictment requests forfeiture of at least $14,169,754 upon conviction of Counts One through Seventeen of the Superseding Indictment, and the Government now seeks a money judgment against Ms. Bennett in the amount of $14,306,842.

11. The Government argues that it established during trial that the amount of $14,306,842 constitutes, or derived from, any proceeds Ms. Bennett obtained as a result of the offense to which she was found guilty. This conclusion is not supported by the evidence adduced at trial. In fact, the Government concedes the lack of evidence by offering additional evidence in support of the money judgment should Ms. Bennett request a hearing on the entry of the money judgment. *See* ¶ 9, Motion for Preliminary Order of Forfeiture [404].

12. Even if there is additional evidence in support of a money judgment of $14,306,842, the Government should have submitted such evidence at trial, which it did not.

13. A vast majority of the alleged victims did not testify during the trial.

14. Furthermore, an FBI forensic accountant analyzed DJBennett.com bank records during the time period alleged in the Superseding Indictment and investor files provided to her by the Government in an attempt to trace proceeds of a fraud. The same FBI forensic accountant conceded that Ms. Bennett herself transferred large amounts of personal funds to DJBennett.com, but did not acknowledge such funds in her analysis. Restricting the tracing of fungible goods, such as money, to a narrow time period and neglecting to observe any other in- and output of money leaves the evidence inconclusive and unreliable.

15. Having failed to submit this issue to the jury, the Government cannot now ask the Court make the determination that a money judgment must be entered against Ms. Bennett in an amount that has no evidentiary basis.

## II. The Government Cannot Seize Dawn Bennett's Property as Substitute Asset.

16. A court may order the forfeiture of property which is either (1) the proceeds obtained as a result of the crime a defendant is convicted, or (2) property used or intended to be used to commit the crime. *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010). The burden is on the government to show by a preponderance of the evidence that the contested property is subject to forfeiture. *Id.* In *Herder*, the United States Court of Appeals for the Fourth Circuit adopted the "substantial connection" test:

> Under the "substantial connection" test, where the government's theory is the property was used to commit or to facilitate the commission of the offense of conviction, the government must establish that there was a substantial connection between the property to be forfeited and the offense.

*Id.*

17. 21 U.S.C. §853 limits forfeiture to "property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of" the crime. In *Honeycut v. United States*, the U.S. Supreme Court held that 21 U.S.C. § 853(a)(1) further limits forfeiture "to property the defendant himself actually acquired as the result of the crime." —U.S. —, 137 S.Ct. 1626, 1635 (2017); *see also United States v. Chittenden*, 896 F.3d 633, 637-38 (4th Cir. 2018) (citing United States v. Sexton, 894 F.3d 787, 799 (6th Cir. 2018) (describing phrase "the person obtained" in § 853(a)(1) as "the linchpin of the Supreme Court's decision in *Honeycutt*")). The Supreme Court further stated that the history of forfeiture shows that it has long been restricted to tainted property. *Honeycut*, 137 S.Ct. at 1634–35 (explaining that "[t]raditionally, forfeiture was an action against the tainted property itself," occurring

4

"independent of, and wholly unaffected by any criminal proceeding ... against the defendant" (internal quotation marks and citation omitted)).

18. Furthermore, in light of the Supreme Court's decision in *Honeycut*, the Fourth Circuit, in *Chittenden*, vacated the district court's decision to forfeit Chittenden's untainted, restraint assets and held that forfeiture under 18 U.S.C. § 982(a)(2) is limited to property the defendant acquired as a result of the crime. *Chittenden*, 896 F.3d at 639.

**WHEREFORE**, based upon the foregoing, Ms. Bennett respectfully requests this Court to deny forfeiture against Ms. Bennett, and to deny the Government's request to treat Ms. Bennett's other property as substitute asset.

Respectfully submitted,

/s/ Dennis E. Boyle

Dennis E. Boyle (MD Bar No. 07216)
Blerina Jasari (NY Bar No. 5433867)
Adrian F. Snead (NY Bar No. 5068069)
Whiteford, Taylor & Preston LLP
1800 M St., NW, Suite 450N
Washington, DC 20036
dboyle@wtplaw.com
bjasari@wtplaw.com
asnead@wtplaw.com
Telephone: (202) 659-6800
Facsimile: (202) 331-0573

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December 2018, I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following persons at the following email addresses:

>Thomas Windom, Assistant U.S. Attorney
>Erin Pulice, Assistant U.S. Attorney
>Gregory Bernstein, Assistant U.S. Attorney
>Office of the United States Attorney
>6406 Ivy Lane, Suite 800
>Greenbelt, MD 20770
>*thomas.windom@usdoj.gov*
>*erin.pulice@usdoj.gov*
>*gregory.bernstein@usdoj.gov*

>/s/ Dennis E. Boyle
>Dennis E. Boyle