**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-17-472 |
| | * | |
| DAWN J. BENNETT, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE SENTENCING

The Defendant, through newly retained counsel, moves to continue sentencing for a period of 45 days in order to allow new counsel to prepare for sentencing. ECF No. 445. The Government consents to the requested 45 day extension for the reasons set forth below.

In assessing the Defendant's requested continuance, the Government's primary consideration was the victims in this case. The Government has consulted with the victims who were planning to attend the sentencing that is presently scheduled for April 8, 2019. Those victims were traveling locally and are able to reschedule their travel plans without additional expense. As discussed further below, the Government (and, indirectly, the victims) would benefit from an additional 45 days in order to complete the cataloguing and appraisal process for the assets that were seized following the Defendant's trial conviction. Finally, assuming newly retained counsel will be representing the Defendant at sentencing, given the length and complexity of this trial, a 45-day continuance of the sentencing date is a reasonable request in order to allow new counsel to prepare for sentencing.

The Government also wanted to provide the Court with an update on the asset forfeiture process in this case. As the Court knows, asset forfeiture is a means of seizing the proceeds of criminal conduct, and in some cases, the property used to facilitate criminal conduct or obfuscate

the crime. Asset forfeiture allows the Government to preserve assets that are proceeds or were purchased in whole or in part with proceeds. Criminal forfeiture is generally governed by 18 U.S.C. § 982 and 21 U.S.C. §§ 853 and 2461.

Once a money judgment is entered as part of a preliminary order of forfeiture, the Government is also able to seize and forfeit substitute assets if it can meet the requirements of 21, U.S.C. Section 853(p), establishing that the defendant has, by act or omission, caused directly forfeitable property to be unavailable such that the property:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been comingled with other property which cannot be subdivided without difficulty.

Only directly forfeitable property can be seized prior to entry of a money judgment; substitute assets cannot be seized until after entry of the money judgment. *Luis v. United States*, 136 S.Ct. 1083 (2016).

The preliminary order of forfeiture terminates the defendant's interest in the property and can include: 1) directly forfeitable property, such as bank accounts, cash hoards, real estate, cars, jewelry, or any property into which criminal proceeds are directly traceable, and 2) substitute assets, such as property which the defendant purchased with unknown funds, so long as one of the prerequisite findings for substitute assets is met. Under 21 U.S.C. § 853(k), third parties are not allowed to intervene in a criminal case or file suit with regard to the seized property until after entry of a preliminary order of forfeiture, usually at or before sentencing.

After entry of the preliminary order of forfeiture, the United States provides personal notice to all individuals besides the defendant known to have a potential interest in the property.  The Government also publishes its intent to forfeit the asset on www.forfeiture.gov for 30 days.  21 U.S.C. § 853(n)(1).  At this point third-party claims may be filed under penalty of perjury for a specified claims period.  If disputed, these claims are adjudicated in the district court with discovery, motions practice and a final determination of each claim by the district judge.  If not disputed, the property is forfeited to the United States upon expiration of the claims period with no claims being filed.  *Id.* at (n)(7).

In the present case, the Government moved this Court to enter a Preliminary Order of Forfeiture granting a money judgment in favor of the United States of America for a sum of money equal to the value of the property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offenses to which she was found guilty, or $14,306,842.00.  *See* ECF No. 404.  This Court entered such a Preliminary Order of Forfeiture on December 12, 2018, declaring forfeited to the United States, pursuant to 21 U.S.C. § 853, "a sum of money equal to the total value of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense for which the Defendant was found guilty," or $14,306,842.00.  *See* ECF No. 409.  The Court noted that it can update the Order pursuant to FED. R. CRIM. P. 32.2(e) prior to or at sentencing to amend the amount of the money judgement or to include forfeited property which shall be applied to the money judgment.  *Id.*

In its motion seeking a Preliminary Order of Forfeiture, the Government also pointed out its authority to forfeit substitute assets under 21 U.S.C § 853(p).  Following the entry of the Preliminary Order, the Government has been actively engaged in this process.  *See* ECF No. 404.  Pursuant to search and seizure warrants, the Government, via the United States Marshals Service

("USMS"), conducted the following seizures of the Defendant's assets: (1) property located at the Defendant's former condos at 5610 Wisconsin Avenue, units PH-5C and PH-5E in Chevy Chase, Maryland; (2) property located at storage units in three separate locations including 10400 Old Columbia Road, storage units 4385, 4388 and 4448 in Columbia, Maryland; 5223 River Road, storage unit 1089 in Bethesda, Maryland; and 1385 Camino de Jacobo, storage unit 860 in Santa Fe, New Mexico; (3) three vehicles including a 2003 Morgan Plus Eight, a 2006 Range Rover, and a 1988 Mercedes Benz; and (4) jewelry recovered from the Defendant's family. Given the extent of the Defendant's assets, these seizures were extraordinarily complex and time-consuming, and efforts are still underway by the USMS and an outside appraiser to catalogue and appraise of the items the Government obtained. A preliminary list is attached to this motion as an exhibit; however, this list does not reflect either the items seized from the Defendant's storage locker in New Mexico or the jewelry recovered from the Defendant's family. *See* Exhibit A, attached. The Government will submit an updated list to the Court as soon as it is available. At the time of sentencing, the Government will seek an amended preliminary order of forfeiture that includes the recently recovered assets. If the amended order is granted, the Government will proceed to notice and publication to allow anybody who claims an interest in the property to assert that claim to be adjudicated in this Court. If no claims are filed, the property is forfeited to the United States. However, if any third party does file a claim, that claim will be adjudicated in this Court with all necessary discovery, motions practice and, ultimately, a final determination of the merits of the claim. Once the forfeiture process is completed, the Government will seek the Attorney General's approval to apply forfeited assets to the Defendant's restitution order.

Finally, given the Preliminary Order of Forfeiture in the case along with the procedural history regarding the Defendant's prior representation, the Defendant's recent retention of Kaiser

Dillion to represent her at sentencing could be an issue, depending on how she paid for Kaiser Dillon's services. As the Court is aware, 14 attorneys, both retained and court-appointed, have entered their appearance in this case on behalf of the Defendant. Without rehashing that timeline in detail, the Government notes the following pertinent dates:

- September 29, 2017- Court appoints Federal Defender to represent the Defendant and enters a contribution order (ECF Nos. 42, 44)

- February 1, 2018- Court grants Federal Defender's motion to withdraw as counsel; retained counsel from Dickinson Wright enters appearance for Defendant (ECF Nos. 161-163)

- June 1, 2018- Federal Defender re-enters appearance for Defendant following Dickinson Wright's withdrawal from the case (ECF Nos. 233, 252)

- August 30, 2018- Court grants Federal Defender's motion to withdraw, retained counsel from Whiteford Taylor Preston enters appearance for Defendant (ECF Nos. 319, 323, 340, 341)

- October 17, 2018- Jury returns guilty verdicts following trial (ECF No. 386)

- December 12, 2018- Court enters preliminary order of forfeiture (ECF No. 409)

- March 19, 2019- Retained counsel from Kaiser Dillon enter appearance for Defendant (ECF Nos. 443, 444)

Whether the defendant may use assets to retain counsel at this stage in the proceedings hinges upon the ownership of the property at issue that has been used to pay for counsel. *United States v. Marshall*, 872 F.3d 213, 220 (4th Cir. 2017) (citing *Caplin & Drysdale v. United States*, 491 U.S. 617 (1989) and *Luis*, 136 S.Ct. at 1090). If the defendant owns or claims to own the property that was used to retain counsel, the Court's preliminary order of forfeiture may have

terminated the Defendant's right to use certain assets for this purpose.[1] The Government has no information regarding how the Defendant paid for new counsel and thus cannot take a position either way. Moreover, the Government is not suggesting any ill-will or lack of due diligence on behalf of newly retained counsel. The Government simply flags this issue for the Court in the event that this issue arises in future proceedings and to the extent that it may bear on any change-in-counsel issues that might be addressed at the *ex parte* attorney inquiry hearing scheduled for March 27, 2019.

    For the reasons set forth above, the Government consents to the Defendant's request for a 45-day continuance of the sentencing date in this case.

                                Respectfully submitted,

                                Robert K. Hur
                                United States Attorney

        By:    /s/Erin B. Pulice
                 Erin B. Pulice
                 Assistant United States Attorney

---

[1] The Government further notes that the Defendant does not appear to have satisfied the Court's contribution order from September 29, 2017.