# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 8:17-cr-00472-PX** |
| | ) | |
| **DAWN J. BENNETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## SECOND MOTION TO CONTINUE SENTENCING

Defendant Dawn J. Bennett, by and through undersigned counsel, respectfully moves this Court for an order continuing the schedule for Ms. Bennett's sentencing for forty (40) to forty-five (45) days[1] to allow counsel further time to prepare for sentencing, including ongoing review of the voluminous record and evidence in this case, preparation and submission of Ms. Bennett's memorandum in aid of sentencing (and supporting materials), and preparations for the sentencing hearing, which is currently scheduled for June 5, 2019 at 10:00 am. *See* ECF No. 452. Supplemental Sentencing Memoranda are currently due on May 22, 2019; Responsive Sentencing Memoranda are due on May 29, 2019. *See id.*

    1.    Counsel entered their appearance and filed a motion to appear pro hac vice as Ms. Bennett's counsel of choice on March 19, 2019. ECF Nos. 443 & 444. Specifically, counsel

---

[1] The length of the requested continuance was chosen in part to minimize conflicts for the Court, the parties, and third parties with the July 4 holiday, which falls twenty-nine (29) days after the current sentencing date.

entered their appearance to replace Ms. Bennett's trial counsel, who moved to withdraw from the case due to a break down in the relationship. *See* ECF No. 446.

2.      On March 20, 2019, Ms. Bennett filed a Motion to Continue Sentencing, requesting a continuance of the sentencing proceedings for forty-five days in order that new counsel would have time to review the relevant record in the case, submit Ms. Bennett's memorandum in aid of sentencing (and supporting materials), and prepare for the sentencing hearing.[2] *See* ECF No. 445. At the time of the requested continuance, undersigned counsel had not yet begun reviewing the case record. The requested continuance was based on counsel's best estimate at the time of the time it would take to become adequately familiar with the relevant record and prepare for sentencing. The government responded on March 25, 2019, consenting to the requested continuance. ECF No. 450.

3.      Magistrate Judge Timothy Sullivan granted prior counsel's motion to withdraw on March 27, 2019. ECF No. 454.

4.      Also on March 27, 2019, the Court granted Ms. Bennett's Motion to Continue Sentencing by oral order, resetting sentencing for June 5, 2019. *See* ECF No. 452.

5.      Since taking over for prior counsel on March 27, 2019, undersigned counsel has worked diligently to prepare for sentencing but respectfully requires more time to adequately prepare, including by continuing its review of the voluminous and complex record in this case, potentially providing supplemental comments to the Probation Office regarding the Presentence Investigation Report, developing additional evidence and information to aid the Court in

---

[2] Ms. Bennett's sentencing was previously scheduled to take place April 8, 2019. ECF No. 388 ¶ 7.

sentencing, preparing a sentencing memorandum and interviewing potential witnesses, gathering letters of support, and preparing for the sentencing hearing.

6.      As the Court is aware, the record in this case includes trial testimony and numerous exhibits from a nine-day jury trial, much of which could be relevant to sentencing, in addition to potentially relevant evidence not submitted at trial.[3] Such evidence presents complex financial and other issues that are relevant to the Court's consideration of "the nature and circumstances of the offense" under 18 U.S.C. § 3553(a). Counsel also recently received more than 2,600 pages of Ms. Bennett's medical records from the Chesapeake Detention Center on May 3, 2019, which may be relevant to sentencing.[4]

7.      Counsel's efforts to prepare for sentencing have also been complicated by logistical difficulties in consulting with Ms. Bennett regarding her sentence due to the distance between her location at Chesapeake Detention Facility in Baltimore, Maryland, and counsel's offices in Washington, DC.

8.      In addition, counsel requests this continuance due to competing case work, including an appellate brief due on May 28, 2019, in the United States Court of Appeals for the Fourth Circuit in a different case. Although counsel filed a motion to continue the briefing schedule in that case, the Court granted only a partial continuance.[5]

---

[3] The Pre-Sentence Investigation Report includes a lengthy narrative of the Offense Conduct adopted largely from a narrative and certain evidence provided by the Government. *See* ECF No. 448 ¶¶ 6–35.

[4] Counsel first requested the medical records on April 10, 2019, and followed up consistently with the relevant officials to hasten the delivery of the records.

[5] In addition, Mr. William Zapf, who is the attorney primarily responsible for preparations for Ms. Bennett's sentencing was out of the office on a previously scheduled family vacation from April 19 through April 28, 2019.

9.      In addition to the above-mentioned reasons, Ms. Bennett highlights especially the complex forfeiture issues in this case for which further work remains to be done by both the Government and defense prior to sentencing. With its March 25, 2019 response consenting to Ms. Bennett's first requested continuance, the Government attached a ten-page "preliminary list" listing more than 800 pieces of Ms. Bennett's personal property it has seized and may seek to have forfeited. *See* ECF No. 450 at 3-4 & Ex. A. This list does not include Ms. Bennett's condominiums and vehicles. In its response to the motion for continuance, the Government stated that "efforts are still underway by the USMS and an outside appraiser to catalogue and appraise the items the Government obtained" and that it would "submit an updated list to the Court as soon as it is available." *Id.* at 4. To counsel's knowledge, no such updated list has been submitted nor has counsel received one. The Court's preliminary forfeiture order anticipates potentially amending the preliminary order "at sentencing to amend the amount of the money judgment or to include forfeited property which shall be included in the judgment." ECF No. 409 at 2. Ms. Bennett requires full information regarding the property the Government seeks to have forfeited sufficiently in advance of sentencing so that counsel may discuss the property and relevant issues with Ms. Bennett and develop potentially relevant evidence and argument regarding whether the specific property is subject to forfeiture, including potentially requesting an evidentiary hearing on those issues. *See* Fed. R. Crim. P. 32.2(b)(1)(B). *See also* Fed. R. Crim. P. 32.2(b)(2)(B) (providing that, "[u]nless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant [at sentencing] under Rule 32.2(b)(4)").

10.      Ms. Bennett is in custody. In addition, the government's record in this case for sentencing is well developed, with numerous witnesses testifying at trial. Accordingly, the government will not be prejudiced by this modest extension.

11.      Counsel for the government has indicated that the government will oppose the requested relief. Counsel for the government has informed us that it can file a response to this motion in short order.

For the foregoing reasons, Ms. Bennett respectfully requests that this Court grant a continuance of the sentencing hearing and the remaining deadlines in Ms. Bennett's sentencing proceedings for forty (40) to forty-five (45) days.

Respectfully submitted,

DATED:  May 8, 2019                        /s/ *William E. Zapf*
                                          William E. Zapf
                                          Jonathan Jeffress
                                          KaiserDillon PLLC
                                          1099 14th Street, NW
                                          8th Floor West
                                          Washington, DC 20005
                                          T: (202) 640-2850
                                          F: (202) 280-1034
                                          wzapf@kaiserdillon.com
                                          jjeffress@kaiserdillon.com

                                          *Counsel for Dawn J. Bennett*