UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 8:17-cr-00472-PX |
| | ) | |
| DAWN J. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### DAWN J. BENNETT'S RESPONSE TO THE GOVERNMENT'S MOTION TO AMEND PRELIMINARY FOREITURE ORDER AND OBJECTIONS TO PRELIMINARY FORFEITURE ORDER

Defendant Dawn J. Bennett, by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 32.2(b)(2)(B), hereby responds to the government's Motion to Amend Preliminary Forfeiture Order (ECF No. 469) and provides further objections to the Preliminary Forfeiture Order (ECF No. 409).[1]

In its motion to amend the preliminary order of forfeiture, the government seeks forfeiture of certain substitute assets to satisfy the money judgment awarded in the Court's preliminary forfeiture order, pursuant to 21 U.S.C. § 853(p). Specifically, the government recounts that, on January 24, 2019, it seized three vehicles and personal property located in Ms. Bennett's apartments in Chevy Chase, Maryland, along with the contents of storage units in Columbia, Maryland; Bethesda, Maryland; and Santa Fe, New Mexico. *See* ECF No. 469 at 7 & Ex. A. It

---

[1] This response and objections supplements responses and objections to forfeiture made by prior counsel. *See, e.g.*, ECF No. 406.

now seeks an amended order of forfeiture that includes a long list of personal property listed in Exhibit A to the government's motion to amend, which was seized in January 2019, not as proceeds of the offense, but only as substitute assets pursuant to 21 U.S.C. § 853(p).

To the extent that the government's seizure of Ms. Bennett's untainted assets in January was made pursuant to 18 U.S.C. § 853(e), or an analogous statutory provision, such seizure exceeded its statutory authority. *See United States v. Chamberlain*, 868 F.3d 290, 296 (2017) (holding that the provisions of 21 U.S.C. § 853(e) are limited to tainted assets covered by Section 853(a)). By seizing essentially all of Ms. Bennett's personal property, which the government now admits was done in an effort to seek forfeiture of those substitute assets pursuant to Section 853(p), and not as tainted property, such restraint prior to sentencing and judgment also improperly impinged on Ms. Bennett's Sixth Amendment right to her counsel of choice. *See Luis v. United States*, 136 S. Ct. 1083, 1088 (2016); *see also id.* at 1101 (Thomas, J., concurring in the judgment) ("[a] criminal defendant's untainted assets are protected from Government interference before trial and judgment").

Ms. Bennett also objects to the Preliminary Order of Forfeiture to the extent that it orders the forfeiture of an amount exceeding the proceeds that Ms. Bennett personally obtained, directly or indirectly, as a result of the offense for which she was found guilty. Ms. Bennett was convicted of fifteen substantive counts of securities fraud, wire fraud, bank fraud, and making a false statement on a loan application, along with conspiracy to commit securities fraud and wire fraud. The Preliminary Order of Forfeiture, however, includes an amount of proceeds allegedly obtained from forty-six persons or groups of persons as a result of alleged securities and wire fraud, *see* Trial Ex. Chart 6d, many of whom are not enumerated in the Superseding Indictment, *see* ECF

No. 110. Based on the plain language of the statutes upon which the government's forfeiture count is based, an order of forfeiture of an amount exceeding the proceeds of the actual offense of conviction is not permitted. *See* 18 U.S.C. § 981(a)(1)(C) (limited to "proceeds traceable to a violation of" enumerated offenses or a conspiracy to commit such offenses); 18 U.S.C. § 982(a)(2) (limited to "proceeds the person obtained directly or indirectly, as the result of such violation" of enumerated offenses). *Cf. Honeycutt v. United States*, 137 S.Ct. 1626, 1632-33 (2017) (observing that the specific text of 21 U.S.C. 853(a)(1) defines forfeitable property in terms of personal possession or use). The preliminary order of forfeiture should be revised to exclude amounts not shown to have been derived from the counts of conviction.

Respectfully submitted,

DATED: June 4, 2019

/s/ *William E. Zapf*
William E. Zapf
Jonathan Jeffress
KaiserDillon PLLC
1099 14th Street, NW
8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
wzapf@kaiserdillon.com
jjeffress@kaiserdillon.com

*Counsel for Dawn J. Bennett*